```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK        - X
2006 FRANK CALANDRA, JR.
IRREVOCABLE TRUST; KRISTIN
HASSOUN, as Trustee of 2006          Case No. 09 Civ 8526 (GBD)
Frank Calandra, Jr. Irrevocable
Trust; KARA MARIE CALANDRA           STATEMENT OF UNDISPUTED
CHARBONNEAU, as Trustee of 2006      FACTS (LOCAL RULE 56.1)
Frank Calandra, Jr. Irrevocable
Trust; and KARL ANTHONY, as
Trustee of 2006 Frank Calandra,
Jr. Irrevocable Trust,

                    Plaintiffs,

          - against -

SIGNATURE BANK CORPORATION and
CUSHNER & GARVEY, LLP,

                    Defendants.
                                     - X
```

Pursuant to Local Rule 56.1 of the Rules of the Southern District of New York, Defendant Signature Bank, sued as "Signature Bank Corporation" ("Signature"), as moving party, submits that there is no genuine triable issue of the following material facts:

1. In 2006 Frank Calandra ("Grantor") created the 2006 Frank Calandra, Jr. Irrevocable Trust (the "Trust") in Pittsburgh, PA. Complaint ¶4.

2. The Grantor created the Trust on advice of Edward Stein ("Stein"), the Chief Executive and President of New York investment firm Edward T. Stein Associates, Ltd. Complaint ¶10.

3. Stein, together with Kriston Hassoun ("Hassoun") and Kara Marie Calandra Charbonneau ("Charbonneau") were the Trustees

named in the Trust instrument. Complaint ¶10.

4. The Trust, through its Trustee, Stein, opened an money market account, an interest bearing account with limited check writing ability (the ("Account"), with Signature in New York in December 2006. Manzi Aff., ¶2.

5. In connection with the opening of the Account, each of the Trustees executed Signature's Bank Account Application and Agreement. Manzi Aff. ¶2; Complaint ¶12.

6. The Account opening documents listed Stein, Hassoun and Charbonneau, acting singly, as authorized persons to effect all transactions on the Account. Manzi Aff. ¶2.

7. The Account opening documents listed an address of 255 Kappa Drive in Pittsburgh as the address of the Account. Manzi Aff. ¶5; Complaint ¶13.

8. The address of the Account was the address to which Signature mailed monthly account statements and notices regarding the Account. Manzi Aff. ¶5.

9. The Trust and Trustees, through Stein, checked a box at Section 7 of the Bank Account Application and Agreement, which acknowledged that they had received, read and agreed to be bound by Signature's deposit terms and conditions (the "T&C"). Manzi Aff. ¶2

10. The T&C provide, *inter alia*, that the Trust must notify Signature in writing within 14 calendar days from the delivery or mailing of any account statement of any claimed errors in the

statement with respect to any paid check reflected (and returned) with a statement including, but not limited to that any check was paid without authority. Manzi Aff. ¶2.

11. On or about July 31, 2007, each of Stein, Hassoun and Charbonneau executed Signature's standard Funds Transfer Agreement (the "FTA") which Signature required to receive funds transfer requests via facsimile. Manzi Aff. ¶7. exhibit F.

12. The FTA clearly indicated that it was an agreement governing the receipt and handling of funds transfer requests sent to Signature via facsimile. Manzi Aff. ¶7, exhibit F.

13. On or about August 23, 2007, Stein filed with Signature a change of address form with Signature, indicating that the address of the Account should be his office address in Roslyn, NY. Manzi Aff. ¶5.

14. Pursuant to Signature's standard practice, a notice of the filing of the change of address request was sent to the Trust at its address in Pittsburgh and to Stein at his business address in Roslyn. Manzi Aff. ¶5.

15. None of the Trustees, specifically Hassoun and Charbonneau, made any inquiry regarding, or objection to, the filing of the change of address. Manzi Aff. ¶6.

16. Between about August 16, 2007 and October 23, 2007, Stein, in his capacity as authorized signatory on the Account, wrote a check in the amount of $100,000 payable to Prima Capital Management, and directed Signature to make funds transfers to

Vibrant Capital Corp. in the amounts of $350,000 and three of $100,000 each, and $100,000 to Cushner & Garvey. Manzi .Aff. ¶3

17. Each of these transactions were handled in the regular course of Signature's business and, with respect to the funds transfers, in accordance with the agreed security procedure applicable to the Account. Manzi Aff. ¶¶9, 10.

18. Each of these transactions were detailed in the monthly account statements mailed or provided by Signature. Manzi Aff. ¶3; Exhibit C.

19. Each monthly account statement set forth the opening and closing balances for the statement period. Manzi Aff. ¶3; Exhibit C.

20. No claim was made by the Trust to Signature within one calendar year of the mailing of the August 2007, September 2007, October 2007 statements of Account of any claimed error in any account statement and, specifically, that the Prima check was paid on an unauthorized signature and that any funds transfer reflected in those statements was unauthorized. Manzi Aff. ¶¶9, 11.

21. Individual Trustees Hassoun and Charbonneau, as well as the Grantor of the Trust, aver that they did not become aware of the transactions identified in ¶16 above until April 2009. Complaint, ¶17.

22. No accounts were maintained at Signature by Prima Capital Management, Vibrant Capital Corporation and Cushner &

Garvey. Manzi Aff. ¶12

Dated: November 10, 2009

                                      Respectfully submitted,

                                      ROBERT M. ROSENBLITH

                                      _____
                                      Robert M. Rosenblith (RR1060)

                                      Attorney for Defendant
                                      Signature Bank

                                      Rusten Corporate Park
                                      100 Red Schoolhouse Road
                                      Building A, Unit 7C
                                      Chestnut Ridge, NY   10977
                                      (845) 356-6778